## SAMUELS v. SAMUELS.

(Supreme Court, General Term, Second Department.   June 25, 1888.)

DIVORCE—ALIMONY—EFFECT OF APPEAL.

An appeal by a husband to the court of appeals from an order of the general term confirming an order granting his wife a legal separation, and allowing her monthly alimony, stays all proceedings under the judgment until the hearing and determination of the appeal, upon his entering into an undertaking to secure such alimony as may accrue during the pendency of the appeal, under Code Civil Proc. N. Y. § 1327, providing: "Where the judgment or order directs the payment of money in fixed installments, the undertaking must be to the effect that appellant will pay each installment which becomes payable pending the appeal, or the part thereof as to which the judgment or order is affirmed."

Appeal from special term, Kings county; BARTLETT, Justice.
Proceeding by Minna C. Samuels against her husband, Alexander R. Samuels, for separation from bed and board, and for alimony.
Cooke & Salmon, for appellant.    Isaac S. Catlin, for respondent.

PRATT, J.    On the 2d day of June, 1887, plaintiff recovered against defendant a judgment of separation from bed and board.   The decree contained the following provision: "That Alexander R. Samuels, the defendant, pay to Minna C. Samuels, the plaintiff, the sum of twenty dollars monthly, from the 8th day of March, 1887, during her natural life, as a suitable allowance to the said Minna C. Samuels, the plaintiff, for her support; and that said sum be paid in each and every month to the said plaintiff personally, or to her attorneys of record in this action, during her natural life."   This judgment was affirmed on appeal by the general term.   Defendant then appealed to the court of appeals on an undertaking to secure the payment of such alimony as might accrue during the pendency of the appeal, and stayed plaintiff's proceedings. From this order the present appeal is taken.   The only question is whether section 1327 of the Code of Civil Procedure applies to the case.   So much of that section as is material to the present inquiry is as follows: "Where the judgment or order directs the payment of money in fixed installments, the undertaking must be to the effect that the appellant will pay each installment which becomes payable pending the appeal, or the part thereof as to which the judgment or order is affirmed, not exceeding a sum specified in the undertaking, which must be fixed by a judge of the court below."   The order pendente lite for the payment of alimony was merged in the judgment, which was, among other things, for the payment of money by installments.   The respondent seeks to have the judgment enforced as though no appeal had been taken.   The language of section 1327 is as plain as it could be made to effectuate an intention to stay such a judgment until the controversy is ended by a decision in the court of appeals.   The argument that respondent may be reduced to destitution, or become a public charge, can have no force, as the stay prevents no one but the plaintiff from resorting to such remedies as the law affords to make the defendant support his wife.   This is a private suit between the plaintiff and defendant, and a duly-perfected appeal stays all proceedings under the judgment until the hearing and determination of the appeal.   The order must be affirmed.